IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EARL A. BRYANT,  )  )  Plaintiff,  )  )  v.  )  CIVIL ACTION NO. 5:12-CV-61 (MTT)  )  CITIGROUP, INC. and CITIMORTGAGE,  )  INC.,  )  )  Defendants.  )  )  | |

## ORDER

This matter is before the Court on the Defendants' Motion to Dismiss. (Doc. 7). On or about May 23, 2005, the Plaintiff executed a promissory note in favor of PHH Mortgage Corporation (f/k/a Cendant Mortgage Corporation). (Doc. 7-1). The Plaintiff executed a security deed that same day.

In 2008, Defendant CitiMortgage, Inc. notified the Plaintiff that it held the note and would be servicing his loan. The Plaintiff's monthly mortgage payments were increased by CitiMortgage in 2010 and 2011 due to an escrow shortage. The Plaintiff paid the 2010 escrow shortage in a lump sum, but refused to pay CitiMortgage for the 2011 escrow shortage. On February 13, 2012, the Plaintiff received a default notice from CitiMortgage because his payments were past due for more than thirty days.

The Plaintiff filed this fraud and Racketeer Influenced and Corrupt Organizations Act action on February 21, 2012. The Defendants moved to dismiss because there is no personal jurisdiction over Defendant Citigroup, Inc., the Defendants have not been

properly served, and these claims fail as a matter of law.  The Court need only address the third contention.

The Security Deed, which was signed by the Plaintiff, contains a section entitled "Funds for Escrow Items."  (Doc. 7-2, at 4).  Pursuant to the Real Estate Settlement Procedures Act ("RESPA"), the lender must refund excess funds to the borrower in the case of an escrow surplus.  12 C.F.R. § 1024.17(f)(2).  Consistent with RESPA, the Security Deed states that in the case of an escrow surplus, "Lender shall account to Borrower for the excess funds."  (Doc. 7-2, at 5).  RESPA also specifically authorizes the lender to collect funds from the borrower when there is an escrow shortage or deficiency.  12 C.F.R. § 1024.17(f)(3) & (4).  To be fair to borrowers, there is a notice requirement with regard to an escrow shortage or deficiency.  *See* 12 C.F.R. § 1024.17(f)(5) ("The servicer shall notify the borrower at least once during the escrow account computation year if there is a shortage or deficiency in the escrow account.  The notice may be part of the annual escrow account statement or it may be a separate document.").  Consistent with RESPA, the Security Deed requires notice before the lender may collect on an escrow shortage or deficiency.  (Doc. 7-2, at 5).

Here, CitiMortgage sent the Plaintiff an "Annual Escrow Analysis" dated September 16, 2011.  The analysis shows that the Plaintiff's then-monthly mortgage payment was $837.04, of which $674.09 went toward principal and interest and $162.95 went toward the monthly escrow payment.  (Doc. 7-3, at 1).  The analysis reveals an $807.66 escrow shortage, which amounts to $67.30 each month.  Although the Plaintiff's monthly principal and interest remained the same, his monthly escrow payment was increased to $277.22 effective November 1, 2011, to make up for the

escrow shortage, which explains his current $951.31 monthly mortgage payment.  *Id.*  If the Plaintiff paid the escrow shortage in full, his monthly mortgage payments would be $884.01 ($951.31 - $67.30).  *Id.*  The analysis expressly notified the Plaintiff that even if he paid the full amount of the escrow shortage, his monthly mortgage payments would not necessarily return to the previous amount.  *Id.*

There simply is no merit to the Plaintiff's contention that his monthly mortgage payments could not be increased to recover the escrow shortage.  Certainly, the Plaintiff would not have had a problem with the escrow account if it would have yielded a surplus.  Additionally, the Defendants have attached the November 30, 2007, Mortgage Servicing Purchase and Sale Agreement between PHH and CitiMortgage, and thus there is no merit to the Plaintiff's argument that CitiMortgage does not own his note. (Doc. 18-1).

Accordingly, the Defendants' Motion to Dismiss is **GRANTED**.  The Plaintiff's Motions (Docs. 10, 14, 19, 20, and 22) are **DENIED as moot**.

**SO ORDERED**, this 22nd day of June, 2012.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT